UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATORIA M. GREENE,

    Petitioner,

v.                                                            Case No. 4:18-cv-510-RH/MJF

WARDEN COIL,[1]

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Katoria M. Greene ("Greene"), proceeding *pro se*, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Greene subsequently filed a second amended petition. (Doc. 5). The government filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. 17). Greene filed a response. (Doc. 19). The undersigned recommends that Greene's petition be denied.[2]

---

[1] Although Greene refers to the Warden as "Coit," the government correctly notes that the Warden's surname is "Coil." The clerk of the court shall change the docket to reflect the correct spelling.

[2] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.     Background

In 2014, in the United States District Court for the Middle District of Georgia, a grand jury charged Greene with two counts of theft of government property (Counts One and Two), two counts of aggravated identity theft (Counts Three and Four), and one count of fraud in connection with access devices (Count Five). *See United States v. Greene*, No. 1:14-cr-30-WLS-TQL, Indictment, ECF No. 3 (M.D. Ga. Aug. 12, 2014).[3] Greene pleaded guilty to Counts One, Three, and Five. (Doc. 17-2 at 2); *Greene*, Plea Agreement, ECF No. 27 (M.D. Ga. Dec. 17, 2014).

On July 15, 2015, the court sentenced Greene to 96 months of imprisonment on Count One, 60 months of imprisonment on Count Five, to run concurrently to the sentence on Count One, and 24 months of imprisonment on Count Three, to run consecutively to the sentences on Counts One and Five, for a total term of imprisonment of 120 months. (Doc. 17-2 at 3); *Greene*, Minute Entry, ECF No. 44 (M.D. Ga. July 15, 2015); Judgment, ECF No. 48 (M.D. Ga. July 22, 2015).

---

[3] This court takes judicial notice of the documents filed in the U.S. District Court for the Middle District of Georgia. Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The parties should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court. Documents filed in Greene's criminal case are delineated "ECF No. __." Documents filed in the instant case are referenced as "Doc. __."

On November 2, 2018, Greene filed her § 2241 petition. (Doc. 1). On March 11, 2019, Greene filed her second amended petition, in which she presents the following claim:

> Ground: Violation of the Constitution for the United States of America-5th Amendment Due Process Clause, and The First Step Act.
>
> Supporting Fact: Petitioner is in custody in violation of the Constitution for the United States of America's Due Process Clause and The First Step Act. Petitioner has not received the total of 54 good conduct days per year in accordance with 18 U.S.C. 3624(B). Petitioner was sentenced to serve a total of 120 months (10 years), thus accumulating a total of 540 days in Good Conduct Time. The First Step Act of 2018 clarified Congressional Intent that prisoners are eligible to receive 54 days of Good Conduct Time Credit per year of the sentence imposed. The First Step Acts amendment to 18 U.S.C. 3624(B) clarified what the statute has always meant but what was not clearly articulated. To date Petitioner has been calculated at a rate of 47 days per year giving her a total of 470 GOOD CONDUCT DAYS EARNED. Delaying the ineffectiveness of the remaining 7 days per year violates the Due Process Clause of the Constitution, making release towards pre release custody delayed. The award of good conduct time was not delayed in the First Step Act. The risk and needs assessment has a 210 day delay, which affects the Petitioner's transfer to pre-release custody by institution.

(Doc. 5 at 7). As relief, Greene seeks a "recalculation of good time credit," an "order modifying the terms, or length of confinement to reflect home confinement," and "any other action that affects the fact, length of existing custody that is necessary to dispose of matter as law and justice require." (*Id.* at 6).

The government filed a motion to dismiss this action for failure to exhaust administrative remedies. (Doc. 17). The government contends the BOP calculated

Greene's Good Conduct Time ("GCT") sentence credit in accordance with the First Step Act ("FSA"), and, prior to filing her petition, Greene had not sought review of that calculation through the BOP's multi-stage administrative grievance process set forth in 28 C.F.R. §§ 542.10-19. (*Id.* at 3-4; Doc. 17-1 at 2). The government contends the amended habeas petition should be dismissed without prejudice. (Doc. 17 at 1).

In Greene's response to the motion to dismiss, she acknowledges that she failed to exhaust her administrative remedies. (Doc. 19 at 2). Greene contends, however, that "there are no administrative remedies available for an inmate to exhaust when contesting a violation of the Constitution, laws or treaties of the United States." (*Id.*). Additionally, Greene requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA. (*Id.* at 7).

**II.   Discussion**

    **A.**   <u>**Failure to Exhaust Administrative Remedies**</u>

The United States Attorney General, acting through the Federal Bureau of Prisons ("BOP"), administers a federal defendant's sentence and initially has the exclusive authority to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); 28 C.F.R. § 0.96 (2020); *see Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General, through the BOP, may compute a prisoner's credits.") (citing

*Wilson*, 503 U.S. at 334-35); *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995) ("[T]he Attorney General through the BOP, and not district courts, is authorized to compute sentence credit awards *after* sentencing."). "Each year the Bureau awards credits toward a prisoner's sentence for satisfactory behavior that, if received, can alter the release date." *Cook v. Spaulding*, 433 F. Supp. 3d 54, 57 (D. Mass. 2020) (citing 18 U.S.C. § 3624(b)).

Because the BOP bears the initial responsibility for awarding and calculating GCT, petitioners seeking GCT credit through an action pursuant to section 2241 are subject to administrative exhaustion requirements. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015); *Rodriguez*, 60 F.3d at 747 ("[A]n inmate must typically exhaust his or her administrative remedies with the BOP before seeking judicial relief."); *Shorter v. Warden*, 803 F. App'x 332, 336 (11th Cir. 2020) ("In general, a § 2241 petitioner must exhaust available administrative remedies before she can obtain relief in federal court."). "In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

The BOP has promulgated a four-level administrative grievance procedure for prisoner complaints "to allow an inmate to seek formal review of an issue relating to *any* aspect of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added). Generally, a federal prisoner exhausts her administrative remedies by first attempting to resolve the matter informally. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the prisoner then must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). Finally, an "inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.*

In her second amended petition, in "Ground One," Greene wrote "Violation of the Constitution for the United States of America-Amendment 5-Due Process." (Doc. 5 at 3). Thereafter, the form asks, "[h]ave you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?" Greene responded by checking "No." (*Id.*). Consistent with this concession, as of November 6, 2019—approximately eight months **after** Greene

filed her second amended petition—BOP records indicated that Greene still had not filed any administrative remedies at any level regarding her GCT computation. (Doc. 17-1 at 2).

To escape her failure to exhaust administrative remedies, Greene contends that the BOP has no administrative remedies applicable to her case. (Doc. 19 at 2). Greene simply is incorrect. The BOP's Administrative Remedy Program pertains to an inmate seeking "review of an issue relating to *any aspect of his/her own confinement*." 28 C.F.R. § 542.10(a) (emphasis added). The term "any" "'has an expansive meaning.'" *Ali* v. *BOP*, 552 U.S. 214, 219 (2008) (quoting *United States* v. *Gonzales*, 520 U.S. 1, 5 (1997)); *United States v. Caniff*, 955 F.3d 1183, 1190 (11th Cir. 2020) ("when interpreting a statute, 'any' means 'all'"). A claim that the BOP failed to award GCT certainly constitutes an aspect of an inmate's confinement, and a petitioner must first raise such claims with the BOP through its Administrative Remedy Program. *See Quintana-Navarette v. Garcia*, 361 F. App'x 951, 953 (10th Cir. 2010) ("An inmate seeking to file a § 2241 habeas petition" claiming that BOP miscalculated GCT "exhausts his or her administrative remedies by complying with" BOP's Administrative Remedy Program); *Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 90 (11th Cir. 2009) (noting that a petitioner must exhaust his administrative remedies before bringing a claim that the BOP failed to award all the GCT to which petitioner was entitled); *Keys v. U.S. Dep't of Justice*, 136 F. App'x

313, 314 (11th Cir. 2005) (dismissing a claim because the petitioner failed to exhaust BOP remedies prior to filing his petition challenging the application of his good-time credit). Because there is no dispute that Greene did not exhaust her administrative remedies, for this reason alone, this case should be dismissed.[4]

### B. The BOP Tentatively Awarded Greene the Good Conduct Time Mandated by the First Step Act

Even if Greene had exhausted her administrative remedies, she could not prevail in this action because the BOP tentatively has awarded her the GCT credit mandated by the First Step Act.

Section 102(b)(1) of the FSA amended 18 U.S.C. § 3624(b) by increasing the amount of GCT that federal inmates could earn to 54 days per year. It provides in relevant part:

> **(b) Credit toward service of sentence for satisfactory behavior.**
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of

---

[4] When a petitioner has not procedurally defaulted, dismissal for failure to exhaust administrative remedies normally should be without prejudice. As discussed below, however, Greene also cannot prevail on the merits, even if she had exhausted her administrative remedies.

> the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

18 U.S.C. § 3624(b)(1) (footnote omitted).

On November 5, 2019, after the effective date of the FSA's sentence credit provisions, the BOP prepared a sentence computation for Greene based upon her 120-month term of imprisonment, commencing on July 15, 2015 (the date she surrendered to the BOP), and applying fourteen days for "prior custody" credit. (Doc. 17-2 at 15; Doc. 17-1 at 2; Doc. 17 at 3). The BOP updated Greene's GCT credits pursuant to the FSA. (Doc. 17-2 at 19). Greene was projected to earn 540 days of GCT on her 120-month sentence (54 days x 10 years = 540). (Doc. 17-2 at 19). However, Greene has incurred several incident reports for disciplinary violations which resulted in the disallowance of 81 days of GCT. (Doc. 17-1 at 2; Doc. 17-2 at 21-27). This reduced Greene's earned and projected GCT from 540 days to 459 days. (Doc. 17-2 at 27). Accordingly, as of November 6, 2019, Greene was scheduled for release, in light of her earned and projected GCT, on May 26, 2024. (Doc. 17-1; Doc. 17-2 at 15, 25). The BOP, therefore, tentatively has awarded Greene the 54-days-per-year GCT that she seeks in this action.[5] She has not shown,

---

[5] The BOP's "award" of GCT to Greene is tentative because it is impossible to predict whether Greene will commit some infraction that calls for forfeiture

therefore, that BOP erred in its calculation or that she has suffered an injury from BOP's calculation. For this reason, too, this action should be dismissed.

### C. Motion for Companionate Release

In her response to the government's motion to dismiss, Greene—for the first time in this action—also requested compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA. (Doc. 19 at 2-3).

Prior to enactment of the FSA, a federal "court could not modify a defendant's duly-imposed sentence on compassionate release grounds unless it received a motion from the Bureau of Prisons asking that the court consider such a modification." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The First Step Act now authorizes inmates to seek "compassionate release" (*i.e.*, early release based on compelling reasons or an inmate's age and/or infirmity). *See* 18 U.S.C. § 3582(c)(1)(A). To obtain such relief, however, an inmate must establish that he asked the Director of the BOP to file such a motion and the Director failed or refused to do so. *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). If an inmate can establish these prerequisites—and the substantive prerequisites for compassionate release—he can

---

of GCT. As the statute makes clear GCT vests "on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

request compassionate release, but *only from the court that sentenced him*. *Wilson v. Williams*, 961 F.3d 829, ___ (6th Cir. 2020); *Raia*, 954 F.3d at 596; *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020).

Greene was sentenced by the United States District Court for the Middle District of Georgia. (Doc. 17-2 at 3); *Greene*, Minute Entry, ECF No. 44 (M.D. Ga. July 15, 2015); Judgment, ECF No. 48 (M.D. Ga. July 22, 2015). Because the United States District Court for the Middle District of Georgia is the court that sentenced Greene, the statute authorizes only that court to address any motion for compassionate release that Greene might pursue. Accordingly, the United States District Court for the Northern District of Florida lacks the power to award Greene compassionate release.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Greene's second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 5) be **DENIED**.

2. The clerk of the court be directed to close this case file.

At Panama City, Florida, this 2nd day of July, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties are further advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**